IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

      Petitioner,                   No. 2: 11-cv-2753 KJM KJN P

   vs.

KNIPP, et al.,

      Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed October 19, 2011. Petitioner alleges that his requests for restoration of time credits in connection with five prison disciplinary convictions were denied in violation of his right to due process and the Ex Post Facto Clause. Pending before the court is respondent's motion to dismiss on grounds that petitioner's claims are not cognizable in a federal habeas corpus petition. For the following reasons, respondent's motion to dismiss should be denied.

        California Penal Code § 2933(d) provides that under regulations adopted by the California Department of Corrections and Rehabilitation, which shall require not more than one year free of disciplinary infractions, credit which has been previously forfeited may be restored. California Code of Regulations, Title 15, § 3328(b) provides that inmates may apply for

1

restoration of credit forfeited for division "D" and "E" offenses after remaining disciplinary free for 180 days.  Section 3328(c) provides that inmates may apply for restoration of credit forfeited for Division "F" offenses after remaining disciplinary free for 90 days.

It appears that with regard to all five disciplinary convictions (A08-97-051, A09-97-112, A06-01-111, A01-cv-02-109, A07-08-096), petitioner alleges that his requests for restoration of credits were denied based on a finding that he did not comply with the disciplinary-free period requirement of the regulations.  Petitioner argues that his requests for restoration of these credits were improperly denied because he met the disciplinary-free period requirement.

Regarding disciplinary convictions A07-08-96 and A01-02-109, petitioner also appears to raise an Ex Post Facto claim.  The director's level decision addressing petitioner's administrative appeal seeking restoration of credits regarding those disciplinary convictions discusses the circumstances of this claim.  (Dkt. No. 1 at 9.)

In the motion to dismiss, respondent does not address petitioner's Ex Post Facto claim.  Regarding petitioner's due process claim, respondent first argues that the petition should be dismissed because petitioner is raising claims alleging violation of state law only.  Federal habeas jurisdiction is available only for alleged violations of federal law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The Due Process Clause protects prisoners from the deprivation of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  To state a due process claim, a prisoner must first establish the existence of a liberty interest.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466–68 (1983).  A state created liberty interest exists where the restraint "inevitably affect[s] the duration" of a prisoner's sentence or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S.472, 484, 487 (1995).

////

In the instant case, no liberty interest in restoration of lost time credits arises from the Due Process Clause itself. However, because restoration of the lost time credits affects the duration of petitioner's confinement, the undersigned finds that a liberty interest in restoration of the credits arises from California law, i.e., California Penal Code § 2933(d), California Code of Regulations, Title 15, § 3328.

Respondent next argues that even assuming petitioner correctly asserts a protected liberty interest in restoration of lost time credits, no Supreme Court law sets forth the process due subsequent to a disciplinary finding when the prisoner seeks credit restoration after remaining disciplinary-free for the requisite period of time under state law. Respondent cites Carey v. Musladin, 549 U.S. 70, 74 (2006), for the proposition that only Supreme Court holdings can provide the basis for relief under 28 U.S.C. § 2254(d).

At the outset, the undersigned observes that the "clearly established Federal law" requirement of 28 U.S.C. § 2254(d) "does not demand more than a 'principle' or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009).

If state law has created a liberty interest under the federal Constitution, the process due on account of that federal interest is determined by federal law. In other words, the federal liberty interest created by state law does not constitutionalize the entire state process underlying the state law creating the liberty interest—federal law determines the minimum due process standards applicable to the interest. Moran v. Godinez, 57 F.3d 690, 698 (9th Cir.1994).

Due process is a flexible concept, however, and calls for such procedural protections as the particular situation demands. Mathews v. Eldridge, 424 U.S. 319, 334 (1976). To determine the process that is due, a court must balance three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional or substitute procedures; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 334–35.

3

In <u>Mathews</u>, the Supreme Court established the general standard for determining procedural protections once liberty interests are established. Therefore, clearly established Supreme Court law exists for determining the process due petitioner. Accordingly, respondent's motion to dismiss on grounds that there is no clearly established Supreme Court authority supporting petitioner's due process claim is without merit.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). In the context of restoration of previously assessed time credits, petitioner is clearly entitled to no more process than was due when the credits were first assessed. Therefore, in essence, petitioner is requesting that the holding of <u>Superintendent v. Hill</u> be extended to actions involving the restoration of lost credits.

Applying the standard set forth in <u>Mathews</u>, in the answer to the petition, respondent may address whether the holding of <u>Superintendent v. Hill</u> should be extended to actions challenging the restoration of lost time credits. However, assuming that <u>Superintendent v. Hill</u> applies, it may be simpler to address whether the decisions denying the requests for credit restoration were supported by some evidence.

For the reasons discussed above, respondent's motion to dismiss should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 11) be denied, and respondent be ordered to file an answer to the petition within thirty days of the adoption of these findings and recommendations; petitioner may file a reply within thirty days thereafter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

re2753.mtd