1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONALD REED,

12              Petitioner,                      No. CIV-S-11-2753 KJN KJN P

13        vs.

14    KNIPP, et al.,

15              Respondents.                      ORDER

16    _____/

17              Petitioner, a state prison inmate proceeding pro se, has filed this application for a

18    writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States

19    Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20              On August 1, 2012, the magistrate judge filed findings and recommendations,

21    which were served on all parties and which contained notice to all parties that any objections to

22    the findings and recommendations were to be filed within twenty one days.  Respondent has

23    filed  objections to the findings and recommendations.

24              In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

25    304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file,

26    the court declines to adopt the findings and recommendations.

1

1        Petitioner is a state prison inmate proceeding with a petition for a writ of habeas

2   corpus under 28 U.S.C. § 2254.  He alleges he has a liberty interest in the restoration of

3   previously forfeited good time credits and that respondents improperly denied his request for

4   restoration because petitioner had not satisfied the required period of disciplinary-free behavior;

5   he does not clearly discuss the procedural protections he was not afforded during this process.

6   Respondent filed a motion to dismiss, arguing that the petition alleged only a violation of state

7   law and that there are no U.S. Supreme Court decisions discussing what process, if any, is due to

8   an inmate seeking restoration of good time credits.

9        The magistrate judge recommended denying the motion to dismiss.  Citing

10  California Penal Code § 2933(d) and Title 15 California Code of Regulations § 3328, he

11  determined that state law gives rise to a liberty interest in the restoration of credits "because

12  restoration of the lost time credits affects the duration of petitioner's confinement."  ECF No. 17

13  at 2-3.  He then reasoned that U.S. Supreme Court authority has "established the general

14  standard for determining procedural protections once liberty interests are established" and so

15  "clearly established Supreme Court law exists for determining the process due petitioner."  He

16  concluded that petitioner would be entitled to no more process than was due when the credits

17  were revoked and invited respondent to address whether the "some evidence" standard of

18  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) should be extended to the restoration of

19  forfeited credits.  ECF No. 17 at 4.

20       The due process clause "protects persons against deprivations of life, liberty, or

21  property; and those who seek to invoke its protections must establish that one of these interests is

22  at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Liberty interests arise from the due

23  process clause itself or from state law.  *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)

24  (finding liberty interest arising from state's creation of right to good time and recognition that

25  accrued good time could not be forfeited absent misconduct); *Carver v. Lehman*, 558 F.3d 869,

26  /////

1  872 (9th Cir.), *cert. denied sub nom. Carver v. Vail*, __ U.S. __, 130 S.Ct. 466 (2009)

2  (recognizing the two sources of liberty interests).

3              As noted, the magistrate judge determined that the liberty interest arose from

4  statute and regulation because of the potential impact on petitioner's sentence; for the latter

5  proposition, he relied on *Sandin v.Conner*, 515 U.S. 472, 484, 487 (1995).  In the Ninth Circuit,

6  however, when an inmate alleges that his liberty interest arises from statute rather than from an

7  internal prison disciplinary regulation related to conditions of confinement, the court applies "the

8  well-established mandatory language rule" of *Greenholtz v. Inmates of Nebraska Penal and*

9  *Corr. Complex*, 442 U.S. 1 (1979).  *Carver*, 558 F.3d at 872-73 & n.5; *McQuillion v. Duncan*,

10  306 F.3d 895, 902-03 (9th Cir. 2002).  Under that rule, a statute does not give rise to a liberty

11  interest unless it contains "explicitly mandatory language, i.e., specific directives to the

12  decisionmaker that if the regulations' substantive predicates are present, a particular outcome

13  must follow."  *Id.* at 875 (internal quotation marks, citations omitted).  Applying this test, the

14  Ninth Circuit has found that California Penal Code section 2933 does not create a liberty interest

15  in earning conduct credits, because the statute provides that "credit is a privilege, not a right.

16  Credit must be earned and may be forfeited. . . ."  *Toussaint v. McCarthy*, 801 F.2d 1080, 1094

17  (9th Cir. 1986), *overruled in part on other grounds in Sandin,* 515 U.S. at 472.  Neither the

18  statute nor the regulation cited by the magistrate judge contain mandatory language concerning

19  the restoration of credits.  Penal Code section 2933(d) provides that "credit which has previously

20  been forfeited may be restored by the secretary," while Title 15 California Code of Regulations

21  §§ 3328(b) & (c) say only that "[a]n inmate may apply for restoration" of credits.  Under Title 15

22  California Code of Regulations § 3327(c), "credit shall be restored at the consideration hearing

23  unless it is determined that the inmate has, since the disciplinary infraction leading to the credit

24  forfeiture, refused or failed to perform in a work, training, or educational assignment during the

25  required disciplinary-free period, or under extraordinary circumstances, as described in section

26  3329."   Title 15 California Code of Regulations § 3329(a) defines extraordinary circumstances

1    as "significant factors which aggravate the seriousness of a rule violation," and provides a non-

2    exclusive list of factors.  A finding of such factors "shall be cause to postpone restoration for one

3    additional disciplinary-free period."  *Id.*  Because this language gives the decisionmaker a certain

4    amount of discretion to deny credit restoration, the statutes and regulations do not create a liberty

5    interest in the restoration of forfeited credits.  *See also Foster v. Lynn*, No. CIV S-10-0726 LKK

6    CMK P, 2012 WL 591994, at *6 (E.D. Cal. Feb. 22, 2012) (in context of § 1983 action, finding

7    no liberty interest in the restoration of credits).

8              The magistrate judge also found that petitioner was raising an ex post facto claim

9    and noted that respondent had not addressed it in the motion to dismiss.  As the basis for the ex

10   post facto claim, the magistrate judge relied on an exhibit to the petition, the Director's Level

11   denial of an appeal from the decision not to restore credits for two Rule Violation Reports.  ECF

12   Nos. 17 at 2 & 1 at 9.  Even assuming this argument is properly raised, it does not have merit.  It

13   appears petitioner was claiming that a favorable regulatory change was not applied retroactively.

14   A law violates the Ex Post Facto Clause of the Constitution if it applies to events that occurred

15   before its enactment and disadvantages the criminal defendant affected by it; changes in the

16   ability to have credits restored may violate the Ex Post Facto Clause.  *Weaver v. Graham*, 450

17   U.S. 24, 29 (1981); *Hunter v. Ayers*, 336 F.3d 1007, 1011 (9th Cir. 2003).  Under *Garner v.*

18   *Jones*, 529 U.S. 244, 255 (2000), if the law creates "a significant risk of increasing" an offender's

19   punishment, it violates the Ex Post Facto Clause.  Here, petitioner's claim that prison officials

20   refused to apply a more advantageous regulation to his claim for restoration of credits does not

21   implicate the Ex Post Facto Clause.

22   /////

23   /////

24   /////

25   /////

26   /////

1       IT IS THEREFORE ORDERED:

2       1.  The court declines to adopt the findings and recommendations (ECF No. 17);

3       2.  Respondent's motion to dismiss (ECF No. 11) is granted; and

4       3.  This case is CLOSED.

5   DATED:  December 15, 2012.

6

7   _____
    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26